DANVILLE GLASS COMPANY, INC. Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Danville Glass Co. v. Commissioner
Docket No. 31420-83.
United States Tax Court
T.C. Memo 1985-376; 1985 Tax Ct. Memo LEXIS 251; 50 T.C.M. (CCH) 542; T.C.M. (RIA) 85376; July 29, 1985. Marvin Webber (an officer), for the petitioner. John Guarnieri, for the respondent. PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION PETERSON, Special Trial Judge: This case was assigned to Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456(c) and (d), [1] and General Order No. 8, 81 T.C. XXIII (July 1983). *252 Respondent determined a deficiency in petitioner's 1980 Federal income tax in the amount of $3,124.88. After a concession by petitioner the only issue remaining for decision is whether petitioner is entitled to an investment tax credit for the purchase of an undivided one-half interest in an airplane. Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner is a corporation which had a mailing address of 503 Loyal Street, Danville, Virginia 24541 on the date of the filing of the petition herein. Petitioner filed a corporate Federal income tax return (Form 1120) for the taxable year ending November 30, 1980, with the Internal Revenue Service Center in Memphis, Tennessee. During March 1979 W. Larry Murray and James McFarlane purchased a used 1974 Piper Cherokee Arrow airplane as tenants in common, each party receiving an undivided one-half interest in the airplane. On November 1, 1979, Mr. Murray formed Danville Glass Company, Inc. and transferred to it his undivided one-half interest in the airplane in a tax free exchange pursuant to section 351. Mr. Murray is president and sole shareholder of *253 petitioner. During 1980 petitioner purchased Mr. McFarlane's undivided one-half interest in the airplane and as a result obtained full and complete ownership of the airplane. Prior to the purchase of Mr. McFarlane's undivided one-half interest, petitioner made use of the property in its business to obtain hardware supply sales and glass installation contracts in areas outside of Danville, Virginia. [2] The airplane was used in the same manner by petitioner after the purchase of Mr. McFarlane's interest. The actual physical operation of the airplane was conducted at all relevant times by Mr. Murray on behalf of petitioner. Respondent contends that the remaining undivided one-half interest in the airplane which petitioner purchased from Mr. McFarlane does not qualify as used section 38 property under section 48(c)(1). Section 48(c)(1) provides that property shall not be treated as used section 38 property if, after its acquisition by a taxpayer, it is used by a person who used such property before the acquisition. Respondent contends that petitioner used the entire property both before *254 and after the acquisition. Petitioner argues, however, that prior to the acquisition it used only its undivided one-half interest and not the undivided one-half interest acquired from Mr. McFarlane. Under Virginia law, a tenancy in common creates a situation in which the grantees of a conveyance take distinct shares in the property. . However, each cotenant is entitled to an undivided portion of the whole and possession by one is regarded as possession in the interest of all unless it is expressly denied. . Petitioner contends that it used only its undivided one-half interest in the airplane. However, section 48(c)(1) denies investment tax credit to purchasers who have used "the property" prior to its purchase. "The property" is the airplane, not the ownership interest in the airplane. It cannot be denied that petitioner did use the entire airplane prior to purchasing Mr. McFarlane's interest. Based on our conclusion that petitioner used the airplane prior to purchasing Mr. McFarlane's undivided one-half interest, we find that the property *255 acquired from Mr. McFarlane was not used section 38 property and does not qualify for the investment tax credit. Decision will be entered for the respondent.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. The parties are in agreement that petitioner used the airplane 65% for business use.↩